[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12425
Non-Argument Calendar

_____

D. C. Docket No. 04-00198-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLUYOMI OSHINAIKE,
a.k.a. Abdul,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 21, 2006)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Oluyomi Oshinaike appeals his sentence of 41 months of imprisonment for

his convictions on two counts of executing and attempting to execute bank fraud, 18 U.S.C. §§ 1344 and 2. Oshinaike argues that his sentence was unreasonable and that the district court violated the Sixth Amendment when it made factual findings to enhance Oshinaike's guideline range. We affirm.

We review a sentence for reasonableness in the light of the factors delineated in section 3553(a). United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). "[W]hen the district court imposes a sentence within the advisory Sentencing Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We review the application of the sentencing guidelines by the district court de novo and review findings of fact for clear error. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

Oshinaike first argues that the district imposed an unreasonable sentence because the district court did not consider all the relevant section 3553(a) factors before imposing a sentence, treated the guideline range as presumptively appropriate, imposed a sentence greater than necessary in the light of the section 3553(a) factors, and failed to provide an adequate explanation of its reasons for imposing the sentence. These arguments fail. A review of the sentencing transcript reveals that the district court considered the arguments of Oshinaike for a

2

non-guideline sentence and the relevant section 3553(a) factors when it concluded that a sentence at the low-end of the guideline range was appropriate. Although the district court was not required to discuss each factor or state on the record that it had considered each factor, Talley, 431 F.3d at 786, the district court explained that it considered the sentence appropriate based on the seriousness of the offense, Oshinaike's role in the offense, and Oshinaike's failure to accept responsibility before trial. The district court also rejected the recommendation of the government to sentence Oshinaike at the high-end of the guideline range.

Oshinaike argues second that the district court erred when it enhanced his sentence based on facts that were not admitted by Oshinaike, found by a jury, or proved beyond a reasonable doubt. This argument is foreclosed by our precedent. When the sentencing guidelines are applied in an advisory fashion, the district court does not err when it uses extra-verdict enhancements, found by a preponderance of the evidence, to calculate a defendant's sentence. United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Rodriguez, 393 F.3d 1291, 1296 (11th Cir. 2005).

Oshinaike's sentence is

**AFFIRMED.**